UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOE SELLIKEN,<br><br>            Plaintiff,<br><br>   v.<br><br>COUNTRY MUTUAL INSURANCE CO.,<br><br>            Defendant. | NO:  12-CV-0515-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT are Defendant's Motion for Partial Summary Judgment (ECF No. 17) and Defendant's Motion to Strike Plaintiff's Response Memorandum (ECF No. 27).  These matters were heard with telephonic oral argument on September 4, 2013.  Charles R. Steinberg appeared on behalf of the Plaintiff.  Daniel E. Thenell appeared on behalf of Defendant.  The Court has reviewed the completed briefing and the record and files herein, and is fully informed.  This Order will memorialize and supplement the Court's oral ruling at the conclusion of the hearing.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## BACKGROUND

This lawsuit arises from Defendant's denial of a homeowner's insurance claim relating to a fire at Plaintiff's residence. Plaintiff has asserted claims for (1) payment of benefits due under the policy; (2) bad faith denial of coverage; and (3) failure to conduct a reasonable investigation in violation of Washington's Insurance Fair Conduct Act.

Defendant has moved for partial summary judgment on Plaintiff's second and third claims. Defendant asserts that it is immune from such claims pursuant to RCW 48.50.075 because it denied coverage in reliance upon a law enforcement investigation which concluded that Plaintiff intentionally set the fire. For the reasons discussed below, the Court will grant the motion.

## FACTS

Plaintiff Joe Selliken ("Plaintiff") owns a home located in Orondo, Washington. At all times relevant to this lawsuit, the home was insured under a homeowner's policy issued by Defendant Country Mutual Insurance Company ("Defendant"). On November 22, 2011, Plaintiff's home caught fire and sustained approximately $200,000 worth of damages. Plaintiff filed a claim under his homeowner's policy to cover the loss.

Almost immediately after the fire was extinguished, fire officials from the Douglas County Sheriff's Office ("DCSO") began investigating the fire as arson.

DCSO investigators notified Defendant of their suspicions about the origin of the fire and agreed to keep Defendant apprised of the results of their investigation. While this investigation was pending, Defendant began processing Plaintiff's claim under a reservation of rights. Defendant also began its own investigation into the cause of the fire. Among other measures, Defendant hired a "cause and origin" expert, interviewed witnesses, and examined Plaintiff and his roommate under oath. Defendant sent letters to Plaintiff on February 10, 2012, March 6, 2012, March 19, 2012, April 20, 2012, May 1, 2012, and May 23, 2012, advising him of the status of its investigation.

In early 2012, DCSO investigators concluded their investigation and determined that the fire had been intentionally set. Plaintiff was the only suspect identified during the course of the investigation. DCSO referred the case to the Douglas County Prosecutor's Office for criminal charges. For reasons that are unclear from the existing record, prosecuting authorities declined to file charges.

Plaintiff filed the instant lawsuit on July 12, 2012. Defendant denied Plaintiff's claim on July 27, 2012. In its denial of coverage letter, Defendant stated:

> Country Mutual is in possession of a written report from a law enforcement agency that concludes that the fire at Mr. Selliken's residence was intentionally set. Furthermore, Mr. Selliken is listed on the report as being investigated in the arson. The applicable policy excludes coverage for losses intentionally caused by an insured.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

1  ECF No. 18-10 at 5.  Defendant now seeks summary dismissal of Plaintiff's claims

2  for bad faith denial of coverage and failure to perform a reasonable investigation.

3  Defendant has not moved for summary judgment on Plaintiff's claim to recover

4  benefits allegedly due under the policy.

5                                            DISCUSSION

6       Summary judgment may be granted to a moving party who demonstrates

7  "that there is no genuine dispute as to any material fact and that the movant is

8  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party

9  bears the initial burden of demonstrating the absence of any genuine issues of

10 material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then

11 shifts to the non-moving party to identify specific genuine issues of material fact

12 which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

13 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the

14 plaintiff's position will be insufficient; there must be evidence on which the jury

15 could reasonably find for the plaintiff." *Id.* at 252.

16      For purposes of summary judgment, a fact is "material" if it might affect the

17 outcome of the suit under the governing law. *Id.* at 248.  A dispute concerning any

18 such fact is "genuine" only where the evidence is such that a reasonable jury could

19 find in favor of the non-moving party. *Id.*  In ruling upon a summary judgment

20 motion, a court must construe the facts, as well as all rational inferences therefrom,

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 4

in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may only consider evidence that would be admissible at trial. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

**A. Immunity Under RCW 48.50.075**

Defendant has moved for summary judgment on Plaintiff's claims for bad faith denial of coverage and failure to perform a reasonable investigation, arguing that it is statutorily immune from such claims under the Insurance Fraud Reporting Immunity Act, RCW Chapter 48.50. Defendant has specifically invoked RCW 48.50.075, which allows insurers to deny coverage in reliance upon a finding by a law enforcement agency that the claimant has engaged in criminal activity related to the claim. The statute provides:

> In denying a claim, an insurer . . . who relies upon a written opinion from an authorized agency specifically enumerated in RCW 48.50.020(1)(a) through (g) that criminal activity that is related to that claim is being investigated, or a crime has been charged, and that the claimant is a target of the investigation or has been charged with a crime, is not liable for bad faith or other noncontractual theory of damages as a result of this reliance.
>
> Immunity under this section shall exist only so long as the incident for which the claimant may be responsible is under active investigation or prosecution, or the authorized agency states its position that the claim includes or is a result of criminal activity in which the claimant was a participant.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

1  RCW 48.50.075.  Because it denied coverage in reliance upon the Douglas County

2  Sheriff's Office's finding that Plaintiff committed arson, Defendant argues, it

3  cannot be liable for bad faith or failure to conduct a reasonable investigation.

4        As a threshold matter, the Court notes that Plaintiff has wholly ignored

5  Defendant's argument concerning the application of RCW 48.50.075.  Rather than

6  attempting to rebut Defendant's assertions that it is immune from liability, Plaintiff

7  simply asserts that Defendant failed to perform a reasonable investigation.  *See*

8  ECF No. 25 at 15 ("The evidence shows that [Defendants'] investigation into the

9  fire claim . . . was incomplete, inaccurate, and one-sided.").  By failing to address

10 the issue of statutory immunity under RCW 48.50.075, Plaintiff has effectively

11 conceded that Defendant is immune from the extra-contractual claims at issue.  *See*

12 *S. Nevada Shell Dealers Ass'n v. Shell Oil Co.*, 725 F. Supp. 1104, 1109 (D. Nev.

13 1989) (party opposing summary judgment implicitly concedes an issue when it

14 fails to respond to the moving party's argument).

15       Even if Plaintiff had not conceded the issue, the record reveals no disputed

16 issues of material fact concerning the applicability of RCW 48.50.075.  Plaintiff

17 "freely admit[s]" that the fire was investigated as an arson and that he was named

18 as a suspect.  ECF No. 25 at 10.  This admission is supported by the record.

19 Indeed, the record reflects that Plaintiff was—and remains to this day—the *only*

20 suspect identified by DCSO investigators.  *See* ECF No. 18-1; Groseclose Decl.,

ECF No. 19, at ¶ 14; Groseclose Dep., ECF No. 18-11, at Tr. 59.  The objective evidence of record further indicates that the arson investigation was performed in a thorough and competent manner.  *See* ECF No. 18-1.  Although prosecuting authorities ultimately declined to file criminal charges, *see* Groseclose Dep., ECF No. 18-11 at Tr. 59, the DCSO's conclusion that Plaintiff intentionally set the fire appears to be well-supported.  No reasonable jury could find that Defendant acted unreasonably in relying upon that conclusion as a basis for denying Plaintiff's claim.[1]  Accordingly, the Court finds that Defendant is immune from liability for Plaintiff's claims for bad faith and failure to perform a reasonable investigation pursuant to RCW 48.50.075.  Plaintiff may, of course, continue to litigate the issue of whether coverage is available under the policy.

**B. Defendant's Motion to Strike**

Defendant's motion to strike the materials submitted by Plaintiff in opposition to the instant motion as untimely is denied.  The Court has fully considered these materials in reaching the decision above.

---

[1] The Court notes that RCW 48.50.075 contains no exception for *unreasonable* reliance upon the results of a law enforcement investigation.  Even if such an exception existed, however, there are no genuine issues of material fact concerning the reasonableness of Defendant's reliance in this case.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (ECF No. 17) is **GRANTED**.

2. Defendant's Motion to Strike Plaintiff's Response Memorandum (ECF No. 27) is **DENIED**.

3. The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 4, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8